MATTOAX LEATHER COMPANY, INC., a corporation of the State of Virginia, *vs.* RICHARD PATZOWSKY, ALDEN B. SLEEPER and ROBERT E. BINGER, trading under the firm name of NEW CASTLE LEATHER COMPANY, PATZOWSKY, SLEEPER and BINGER, Proprietors.

CORPORATIONS—AGENTS—AUTHORITY—EVIDENCE—SUFFICIENCY.
That, without official action, a majority of the directors of a corporation orally authorized plaintiff's officer to sell a machine, owned by the corporation, and to sue for the price, is insufficient to show plaintiff's right to recover the price.

(*May* 22, 1911.)

PENNEWILL, C. J., and BOYCE, J., sitting.
*Reuben Satterthwaite, Jr.*, for plaintiff.
*Robert H. Richards* for defendants.
Superior Court, New Castle County, May Term, 1911.
ACTION OF ASSUMPSIT (No. 47, May Term, 1910), to recover from the defendants the price of a seasoning machine to be used in defendants' business for finishing leather, alleged to have been sold to the defendants by the plaintiff, the property in said machine being laid in the plaintiff.

Narr. in common counts, with bill of particulars.

Pleas, non-assumpsit, payment, release and statute of limitations.

At the trial, plaintiff proved the contract for the sale of the machine through correspondence by mail; also the delivery of the machine to the defendants and the return by the latter to the

plaintiff, claiming it was defective and imperfect. It developed during the course of the trial, through the testimony of one J., the secretary and treasurer of the plaintiff, and who made the alleged sale, for the plaintiff to the defendants, that the machine, at the time of the sale, was not the property of the plaintiff, but belonged to the Virginia Kid Company. The witness was then examined as follows:

*By Mr. Satterthwaite:*

Q. You testified that this machine was owned by the Virginia Kid Company?. A. Yes, sir.

Q. And that it was sold by the Mattoax Leather Company? A. Yes, sir.

Q. I will ask you if the Mattoax Leather Company had any authority to sell this machine under the name of Mattoax Leather Company with the machinery of the Mattoax Leather Company? A. It did.

*By Mr. Richards:*

X. Was the authority to which you refer in writing? A. It was not in writing.

(The previous answer of the witness was objected to by Mr. Richards, and motion made to strike out, which motion was refused.)

*By Mr. Satterthwaite:*

Q. I will ask you if you had authority from the Virginia Kid Company, the owner of this machine, to enter suit for the collection of the purchase price in the name of the Mattoax Leather Company?

(Objected to by counsel for defendant. Objection overruled.)

A. I did.

*By Mr. Richards:*

X. You are the secretary and treasurer of the Virginia Kid Company? A. Yes, sir.

X. And secretary and treasurer of the Mattoax Leather Company? A. Yes, sir.

X. You say you had no written authority to act as the agent of the Virginia Kid Company? A. I did not.

Evidence—Motion for Nonsuit.

X. Nor no written authority to bring a suit in the name of the Mattoax Leather Company for the use of the Virginia Kid Company? A. I did not.

X. Who gave the Mattoax Leather Company the authority to sell this machine? A. The board of directors of the Virginia Kid Company.

X. How did they receive that authority? A. Well, the Virginia Kid Company was a close corporation—four or five members of the board of directors.

X. By resolution of the board? A. Not by resolution.

X. By motion? A. Not by motion of the board.

X. By action of the board? A. Not by official action of the board; just by the majority of the directors authorizing me to sell it by word of mouth.

X. How did you get your authority to bring suit for the Virginia Kid Company in the name of the Mattoax Leather Company? A. In the same way.

X. That was all the authority you had? A. That was all I had.

(Counsel for defendants here moves to strike out the testimony of the above witness as to his authority to sell the machine and bring suit therefor in the name of the Virginia Kid Company; no legal authority having been shown.)

Boyce, J.:—At the time the plaintiff sought to introduce this evidence, we had considerable doubt about its admissibility, but we concluded to hear it. We now have no doubt that the plaintiff has not shown sufficient authority, and we order that the testimony of this witness as to his authority to sell and sue be stricken out.

The plaintiff closed his testimony and counsel for defendants moved for a nonsuit on two grounds, viz.:

*First.* That there was a variance between the allegations in the declaration and the proof adduced, in that the declaration alleged in substance and theory that the defendants were indebted to the plaintiff for a certain machine which the plaintiff claimed to have owned and sold to the defendants and claimed to be enti-

tled to receive the value thereof from the defendants—either a specific value or a value on *quantum meruit,* whereas the testimony had shown that the one entitled to recover the value of the machine was an entirely different person and that the plaintiff in this suit had no interest in the result of the suit and was entitled to no part of the money, and that therefore no right of action and no cause of action exists between the plaintiff and the defendants; which is a substantial variance between the averments in the narr. and the proof.

*Second.* The narr. filed contained simply the common counts, which are predicated upon the existence merely of an implied contract between the parties, and the proof shows clearly that there was an express contract in writing between the parties. That would also constitute a fatal variance, and the plaintiff cannot recover.

BOYCE, J.:—It seems to the court that the nonsuit should be granted. And we do grant the nonsuit.